UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Shawn Parra,                                                      Case No. 3:15-cv-1812

              Plaintiff,

     v.                                                     MEMORANDUM OPINION
                                                         AND ORDER

City of Toledo, *et al.*,

              Defendants.

### I. INTRODUCTION

Defendants the City of Toledo, Ohio, George Kral, and William Moton have filed a motion for summary judgment on all remaining claims alleged by *pro se* Plaintiff Shawn Parra. (Doc. No. 56). Parra filed a cross-motion for summary judgment in opposition to Defendants' motion. (Doc. No. 61). Defendants filed a brief in response to Parra's motion for summary judgment. (Doc. No. 62). For the reasons stated below, I deny Parra's motion and grant Defendants' motion.

### II. BACKGROUND

Parra began working as a police officer with the City of Toledo Police Department ("TPD") in May 1999. In 2009, Parra was involved in a motor vehicle crash while off-duty. (Doc. No. 61-1 at 3). Parra acknowledges he left the scene of the crash and "did not follow department protocol for officers involved in accidents." (*Id.*). Parra was charged with operating a vehicle while intoxicated, along with two other related offenses. He subsequently was convicted of reckless operation of a motor vehicle and failure to stop after a vehicle accident resulting in damage. (*Id.*). Parra received a

50-day suspension; he served 30 days while the remaining 20 days were held in abeyance. (Doc. No. 19 at 4).

In 2013, Parra sought a promotion to Sergeant. Parra's written test results placed him fifth on the promotion list, but he was passed over for promotion in September. (*Id.* at 3). Defendants assert Parra was bypassed for promotion because of his suspension from the 2009 incident, (Doc. No. 56-1 at 2), while Parra contends he "was never offered a reason for not being promoted at this time[,] nor did [he] ask the reason." (Doc. No. 61-1 at 4).

Parra was bypassed for promotion again in October 2013. Parra was told he was not promoted because of his 2009 suspension and then requested that the discipline be expunged from his personnel file. (*Id.*). On February 7, 2014, Moton, who was then the Chief of Police, rescinded the 20-day suspension that had been held in abeyance pursuant to Parra's request. (Doc. No. 56-1 at 2).

Approximately one month later, Parra learned he had been bypassed for promotion to sergeant again. On March 15, 2014, he met with Kral, who was then the Assistant Chief of Police. Parra contends Kral did not give him a reason for why he was not selected for promotion, (Doc. No. 61-1 at 5), though Kral asserts Parra was not promoted in early 2014 because the promotion decisions were made before Moton rescinded Parra's remaining period of suspension. (Doc. No. 56-1 at 2).

A few months later, Parra and other officers responded to a report of possible vandalism at a vacant hotel in Toledo:

> During a search of the building, Officer Nathaniel Sahdala found a cell phone on the floor near what appeared to be a point of illegal entry. Sahdala put the phone in his pocket and continued the building search. When the search was complete, the seven officers involved discussed what to do with the phone, which they discovered was password locked. Although witness recollections vary as to whether [Parra] volunteered to take the phone or was asked to do it, it is undisputed that [Parra] left the scene with the phone in his possession.

2

*State v. Parra*, 2017-Ohio-5761, 2017 WL 2889559, at *1 (Ohio Ct. App. July 7, 2017).

Parra asserts he had forgotten he had the phone by the time he finished his shift. (Doc. No. 61-1 at 6). He took his children to school and went to a doctor's appointment, where he realized he still had the phone. (*Id.*). He put the phone in his car before forgetting about it once again. (*Id.*) The owner of the phone contacted TPD after determining the phone's location through use of the GPS tracker.[1] TPD Internal Affairs officers came to Parra's home to interview him about the phone, and they subsequently identified the cell phone from among the phones Parra produced at their request. (*Id.* at 7). Parra then was placed on restricted duty. (*Id.*).

In August 2014, Parra once again was passed over for promotion to sergeant. Kral told Parra that he could not be promoted while on restricted duty but indicated he would speak to Internal Affairs to determine the status of their investigation. (*Id.* at 8). Parra asserts he filed a charge of discrimination with the Ohio Civil Rights Commission ("OCRC") after Kral did not provide him with an update on the investigation. (*Id.*).

A few weeks later, Parra was charged internally with violating five departmental rules. (*Id.*). Then, on September 24, 2014, he was indicted by a Lucas County, Ohio grand jury on one count of theft in office. He was suspended without pay during the pendency of the criminal proceedings. He was convicted following a jury trial in September 2015 and was terminated from his position with TPD. Parra's conviction was upheld on appeal. *Parra*, 2017 WL 2889559.

### III. STANDARD

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

---

[1] Parra takes issue with the fact that the phone's owner, Michael Sullivan, misled TPD officers about where he lost his phone. Sullivan initially told officers he lost the phone at a Waffle House before eventually admitting he had left it behind at the vacant hotel. (Doc. No. 61-1 at 10-11). Sullivan's credibility, however, is not relevant to the resolution of the parties' motions in this case.

3

All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

### IV. ANALYSIS

Parra asserts nine causes of action: (1) national origin/ ethnicity discrimination due to failure to promote, in violation of Title VII; (2) national origin/ ethnicity discrimination due to failure to promote, in violation of Ohio Revised Code § 4112.02(A); (3) disparate treatment because of national origin/ ethnicity discrimination, in violation of Title VII; (4) disparate treatment because of national origin/ ethnicity discrimination, in violation of Ohio Revised Code § 4112.02(A); (5) retaliation in violation of Title VII; (6) retaliation in violation of Ohio Revised Code § 4112.02(I); (7) failure to promote in violation of the Equal Protection Clause of the Fourteenth Amendment; (8) disparate treatment in violation of the Equal Protection Clause of the Fourteenth Amendment; and (9) denial of his Fourteenth Amendment due process and equal protection rights through failure to promote. (Doc. No. 19).

Defendants seek summary judgment on all nine claims. They argue Parra has not shown he was discriminated or retaliated against and also that the claims against the individual defendants (Kral and Moton) must be dismissed because they are not employers and are entitled to qualified immunity.

Parra opposes Defendants' motion and seeks summary judgment in his own favor. Parra's arguments have several limitations. The first is in his request for summary judgment. He contends

he is entitled to summary judgment because "the weight of the evidence against the defendant[s] proves that he was treated much different than other officers that were in similarly situated or in some cases even more severe situations." (Doc. No. 61-1 at 2). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Thus, Parra must demonstrate that no reasonable jury could find in Defendants' favor, not simply that the evidence leans in his favor.

The second limitation is in Parra's summary judgment submission. A plaintiff must present affirmative evidence in order to defeat a properly supported summary judgment motion. *Id.* at 257. "This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery." *Id.* While Parra spends a considerable portion of his brief summarizing circumstances in which other officers engaged in misconduct but were allegedly treated differently, he does not identify the source of the information underlying his summaries. Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). *See also* Fed R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). Parra does not cite to any materials, much less particular parts of those materials.

Even if I assume, however, that Parra could support his factual contentions with citations to discovery produced during the course of this litigation, I conclude he fails to establish that a reasonable jury could find in his favor on any of his claims.

5

### A.   NATIONAL ORIGIN / ETHNICITY DISCRIMINATION

Parra alleges Defendants discriminated against him by failing to promote him, and also subjected him to disparate treatment, on the basis of his national origin or ethnicity, in violation of Title VII, 42 U.S.C. § 2000e-2(A), and Ohio Revised Code. § 4112.02.  (Doc. No. 19 at 8-10 (Counts 1 through 4)).  Parra's state-law claims are subject to the same analysis as his federal claims. *See, e.g., Williams v. Ford Motor Co.*, 187 F.3d 533, 538 (6th Cir. 1999) ("The Ohio courts have held that the evidentiary standards and burdens of proof applicable to a claimed violation of Title VII of the Civil Rights Act of 1964 are likewise applicable in determining whether a violation of Ohio Rev. Code § 4112 has occurred.").

In a failure to promote case, a plaintiff establishes a *prima facie* case by showing (1) he is a member of a protected class; (2) he applied for and was qualified for the promotion; (3) he was considered for, but denied, the promotion; and, (4) another individual of similar or inferior qualifications, who is not a member of the protected class, received the promotion.  *Rodriguez-Monguio v. Ohio State Univ.*, 499 F. App'x 455, 463 (6th Cir. 2012).  If the plaintiff establishes a prima facie case, the defendant must offer a legitimate, non-discriminatory reason for the denial, and the plaintiff then must show the defendant's proffered reason was a pretext for discrimination.  *Id.*

Defendants contend Parra cannot establish a prima facie case because he "was not objectively qualified for promotion as a result of his prior discipline and ranking."  (Doc. No. 56 at 16).  This argument falls short, because Defendants cannot inject the alleged nondiscriminatory reason for their actions into the prima-facie analysis.  *See, e.g., Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 574 (6th Cir. 2003) ("[A] court may not consider the employer's alleged nondiscriminatory reason . . . when analyzing the prima facie case[ because to] . . . do so would bypass the burden-shifting analysis and deprive the plaintiff of the opportunity to show that the nondiscriminatory

6

reason was in actuality a pretext designed to mask discrimination."). Defendants do not offer any other reasons why Parra could not establish a prima facie case.

Even if I conclude Parra has established a prima facie case, however, Defendants' proffered nondiscriminatory reason – that Parra was not promoted to sergeant because he had pending suspension days or was on restricted duty at the time promotion decisions were made – is an appropriate rebuttal to that showing.

Parra now must show that this reason is a pretext for discrimination "'by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct.'" *Id.* at 576 (quoting *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir. 2000)). He has not established any of these reasons. Parra has not rebutted Defendants' evidence that its proffered reason had a basis in fact and was sufficient to warrant the challenged conduct. (*See* Doc. Nos. 56-1 and 56-3). Moreover, while he recites details about alleged circumstances in which non-Hispanic officers were promoted after previously having been disciplined, he fails to demonstrate that any of those officers had pending suspensions or were on restricted duty. Parra also fails to show Defendants' actions were not actually motivated by those disciplinary circumstances in his case. I conclude Parra has not identified a genuine issue of material fact concerning his discrimination claims from which a reasonable jury could rule in his favor.

Parra's disparate treatment claims meet the same fate. To sustain a claim of disparate treatment based upon national origin or ethnicity, Parra must show "(1) that he is a member of a protected group, (2) that he was qualified for the position at issue, and (3) that he was treated differently than comparable employees outside of the protected class." *Dunlap v. Tenn. Valley Auth.*, 519 F.3d 626, 630 (6th Cir. 2008). "[T]he employees to whom the plaintiff seeks to compare himself must 'have engaged in the same conduct without such differentiating or mitigating

7

circumstances that would distinguish their conduct or the employer's treatment of them for it.'" *Clayton v. Meijer, Inc.*, 281 F.3d 605, 611 (6th Cir. 2002) (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992)).

As with his discrimination claim, however, Parra must show Defendants' explanation for the conduct underlying his alleged disparate treatment claim is a pretext for discrimination. *Dunlap*, 519 F.3d at 631. Parra has not provided evidence to substantiate his denial of Defendant's proffered legitimate reason and, therefore, Defendants are entitled to summary judgment on Parra's disparate treatment claims. *See Mitchell*, 964 F.2d at 585.

### B. RETALIATION

Next, Parra alleges the City of Toledo and Kral retaliated against him for filing a charge of discrimination with the OCRC by "caus[ing] the indictment of Plaintiff for felony charges and plac[ing] him on unpaid administrative leave . . ." in violation of Title VII, 42 U.S.C. § 2000e-3(a), and Ohio Revised Code § 4112.02(I). (Doc. No. 19 at 11-12 (Counts 5 and 6)). As with Parra's discrimination claims, federal case law is applicable to his state law claim. *See Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501, 510 (6th Cir. 2016) ("Ohio courts have held that '[f]ederal law provides the applicable analysis for reviewing retaliation claims' brought under Ohio Rev. Code § 4112.02(I)." (quoting *Baker v. Buschman Co.*, 713 N.E.2d 487, 491 (Ohio Ct. App. 1998))).

To establish a *prima facie* case of retaliation under Title VII, Parra must demonstrate: "(1) he engaged in activity protected by Title VII; (2) his exercise of such protected activity was known by the defendant; (3) thereafter, the defendant took an action that was 'materially adverse' to the plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action." *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014) (citation omitted). In order to establish the fourth element of his retaliation claim, Parra must offer "proof that the

unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013).

If a retaliation plaintiff establishes a prima facie case, the defendant must offer a legitimate, nondiscriminatory reason for the adverse employment actions. The plaintiff then must offer "evidence sufficient [for] a reasonable finder of fact [to] reject the employer's proffered reason." *Haughton v. Orchid Automation*, 206 F. App'x 524, 531 (6th Cir. 2006).

Parra fails to show his protected activity was the but-for cause of Defendants' materially adverse actions. The internal investigation had been underway for months before he filed his charge of discrimination, and he was not placed on unpaid leave until after he was indicted by the grand jury.

Moreover, even if Parra could establish causation, he offers no evidence to rebut Defendants' nondiscriminatory explanation for their conduct. *See Graham v. Best Buy Stores, L.P.*, 298 F. App'x 487, 496-97 (6th Cir. 2008) ("The reasonableness of Best Buy's belief [that plaintiff committed a theft from the store] is bolstered by the fact that, based on the same evidence Best Buy had, the police arrested Graham, a grand jury indicted him, and a prosecutor decided to pursue the case.").

Parra's retaliation claims also fail to the extent he intends to assert a retaliatory prosecution claim under the First Amendment based upon Defendants' decision to refer Parra's case to the prosecutor's office. "When the claimed retaliation for protected conduct is a criminal charge, however, a constitutional tort action will differ from this standard case in two ways." *Hartman v. Moore*, 547 U.S. 250, 260 (2006). The one which is relevant here is that "establishing the existence of probable cause will suggest that prosecution would have occurred even without a retaliatory motive." *Id.* at 261.

Parra was indicted by a grand jury and ultimately convicted of committing theft in office. *Parra*, 2017 WL 2889559.  As a result, he could not "show causation for purposes of [a] § 1983 claim," *Castelvetere v. Messer*, 611 F. App'x 250, 255 (6th Cir. 2015) (citing *Barnes v. Wright*, 449 F.3d 709, 720 (6th Cir. 2006)), for what he describes as Defendants' "quest for persecution."  (Doc. No. 61-1 at 11).

Therefore, I conclude Defendants are entitled to summary judgment on Parra's federal and state-law retaliation claims.

### C.     FOURTEENTH AMENDMENT

Finally, Parra alleges Defendants violated his Fourteenth Amendment equal protection rights (a) by promoting officers outside of his protected class instead of him, (b) by disciplining him more harshly and using his past discipline to deny him promotions, and (c) by charging him internally and criminally when other officers were treated more favorably for similar acts and after "he utilized constitutionally protected rights to file discrimination charges."  (Doc. No. 19 at 12-13 (Counts 7, 8, and 9)).  Parra also alleges in Count 9 that his due process rights were violated when he did not receive "a hearing to determine whether the discipline in his file should have denied him promotion."  (*Id.* at 13).

"'The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference.'"  *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 986 (6th Cir. 2012) (citation omitted).  The last prohibition "is known as the 'class of one' theory."  *Id.* (citation omitted).

A plaintiff bringing a "class of one" equal protection claim must show he and "other individuals who were treated differently were similarly situated in all material[, relevant] respects."  *Id.* at 987 (citation omitted).  "A 'class of one' plaintiff may demonstrate that government action

lacks a rational basis either by negativing every conceivable basis which might support the government action, or by showing that the challenged action was motivated by animus or ill-will." *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cnty., Ohio*, 430 F.3d 783, 788 (6th Cir. 2005).

While Parra references his membership in a protected class in his Equal Protection causes of action, he offers no evidence that Defendants' conduct targets Hispanics as a class specifically. Instead, he asserts Defendants treated him, individually, differently than other officers. (*See, e.g.,* Doc. No. 61-1 at 18). To the extent Parra argues Defendants treated him differently because he is Hispanic, I already have concluded Defendants are entitled to summary judgment on those claims.

Parra's "class of one" theory fares no better. The Supreme Court has expressly held "the class-of-one theory of equal protection has no application in the public employment context." *Enquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 607 (2008).

Further, as I concluded above, any claim that Defendants violated Parra's constitutional rights by referring him for possible criminal charges fails as a matter of law, because he was indicted and convicted of committing theft in office. *Hartman*, 547 U.S. at 260.

Lastly, Parra's due process claim also fails as a matter of law. The Due Process Clause of the Fourteenth Amendment required "'that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest.'" *Williams v. Commonwealth of Ky.*, 24 F.3d 1526, 1538 (6th Cir. 1994) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)) (emphasis in original). Parra offers no evidence he had a property interest in being promoted to sergeant and, therefore, he fails to demonstrate Defendants violated his due process rights.[2]

I conclude Defendants are entitled to summary judgment on Parra's Fourteenth Amendment claims. Further, I conclude Kral and Moton are entitled to qualified immunity because Parra has not

---

[2] While Parra had a right to a hearing before being disciplined or terminated, he does not offer any evidence that Defendants failed to provide him with a hearing in either context.

11

carried his burden of showing his constitutional rights were violated.  *See, e.g., Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

## V.  CONCLUSION

For the reasons stated above, I conclude Parra has not identified a genuine dispute of material fact that would permit a reasonable jury to find in his favor on any of his claims.  Therefore, I grant Defendants' motion for summary judgment, (Doc. No. 56), and deny Parra's motion for summary judgment.  (Doc. No. 61).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge